**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 08 CR 822 |
| v. ) | |
| ) | Judge Ronald A. Guzmán |
| ALEJANDRO MARTINEZ, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

In 2009, the Court sentenced defendant, Alejandro Martinez, to 180 months' imprisonment following a guilty plea to possession with intent to distribute 50 grams or more of crack cocaine. The sentence was based in part upon a finding that the defendant was a career offender. Defendant's guideline range was 262 to 327 months. He was also subject to a ten-year mandatory minimum sentence. The Fair Sentencing Act of 2010 reduced the statutory penalties for defendant's offense of conviction to a range of 5 to 40 years' imprisonment. Because the new statutory penalties under the Fair Sentencing Act were not retroactive, they were not available to the defendant. The amendments to the United States Sentencing Guidelines required by the Fair Sentencing Act had no effect on the career offender guidelines; for that reason, the Court denied defendant's previous motion for a sentence reduction under that Act.

Defendant has now filed a motion for a reduced sentence under Section 404 of the First Step Act, which was signed into law on December 21, 2018. Defendant is eligible for a sentence reduction under this Act, which has the effect of changing the career-offender guidelines range. Currently, Guideline § 4B1.1(b)(2) sets the offense level at 34 for an offense carrying a maximum sentence of 25 years or more. With credit for acceptance of responsibility (defendant pleaded

guilty), defendant's total career-offender offense level is 31. His criminal-history category is VI. Together, these two parameters result in a guideline range of 188 to 235 months' imprisonment.

A sentence within the new guideline range would actually result in an increase in defendant's current sentence. As the government points out in its response (ECF No. 72), the Court's sentence in 2009 was driven by the factors outlined in 18 U.S.C. § 3553(a). The Court considered defendant's extensive criminal history, his prior drug convictions, the ineffectiveness of his three prior terms of incarceration, his irresponsible lifestyle, indications of a history of domestic violence, and his deep involvement in a notorious Chicago street gang, and concluded:

> [Y]ou and others like you are the reason kids can't walk to school on the streets of Chicago without getting shot. You're the reason they can't study, because they're afraid. You're the reason entire neighborhoods are afraid. It's because they have to walk past your drug point that these kids are in danger. You have done more damage to the lives of more people who had nothing to do with you, never did anything to you, just wanted to be left alone to go on their way.

(ECF No. 39, Tr. of 10/26/2009 Sent. Hr'g, at 20.) This conclusion was clearly warranted by the facts on record. But the Court also considered the unfairness of the then-existing crack cocaine sentencing disparities, as well as the effect of an unduly harsh sentence on the ultimate goal of rehabilitation, and sentenced defendant to a term of imprisonment that was not only below the low end of the guideline range, but substantially below that range. The appropriateness of this sentence has been proven by the subsequent changes in the sentencing laws, passed for the very purpose of ameliorating what were previously unnecessarily harsh and counterproductive sentencing parameters. Indeed, the Court's original sentence remains below the newest guideline range. The Court has considered the submissions on behalf of the defendant, including the Bureau of Prisons' Progress Report, defendant's own submission, and letters of support from his family members. They are encouraging. Nevertheless, the Court concludes that the defendant has received all the

2

consideration he is entitled to with regards to his sentence. The motion for a reduced sentence [65] is denied.

DATE: February 27, 2019

_____
**Ronald A. Guzmán**
**United States District Judge**